KLIEBERT, Judge,
concurring.
I concur in the results reached by the majority on the alimony pendente lite and child support awards. However, I do not agree with the majority view that LSA-R.S. 9:308 was authority for the trial judge to assign the use of the family residence to the wife.
The house was the separate property of the husband and the community had no interest or claim in the property, except that at the time of the physical separation it was being used as the family residence. Under these circumstances, to consider LSA-R.S. 9:308 as authority for the trial judge to assign the use of the property to the wife is error. In my view, the assignment of the use of the husband’s separate property to the wife is a taking of his property without the payment of compensation and without due process of law and hence violates his state and federal constitutionally guaranteed rights to the ownership of property. Article 1, Section 2 of the Louisiana Constitution and the Fourteenth Amendment to the Federal Constitution.
The husband admits, however, that he offered the use of the family residence to the wife pending the divorce. On that premise and to the extent of the husband’s offer, the trial judge had the authority to make a judicial assignment of the use of the property to the wife. But to the extent the judicial assignment of the use of the house exceeded the husband’s offer (to the partition of the community) it was invalid. Therefore, I agree with the results reached by the majority in terminating the wife’s use of the property upon rendition of the divorce decree, but for reasons other than those stated by the majority.